Alexis Casillas, SBN 259148
405 El Camino Real #328
Menlo Park, CA 94025
Telephone: (650) 204-9579
Facsimile: (650) 497-3786
acasillas@specialeducationatty.com

Roberta S. Savage, SBN 202940
221 G Street, Suite 201
Davis, CA 95616
Telephone (530) 753-4497
Facsimile (530) 753-4498
roberta@robertasavagelaw.com

*Attorneys for minor, J.S. and T.H.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

RAVENSWOOD CITY SCHOOL DISTRICT

Plaintiffs,

v.

J.S., a minor, by and through his Guardian Ad Litem, T.H., et.al.

Defendants.

Case No.: C-10-3950 SBA

DEFENDANT, J.S.'S, ANSWER

1. In response to paragraph 1, Defendant denies that J.S.'s complaint was filed on February 28, 2010.It was filed on February 22, 2010. Defendant generally admits all other allegations or statements contained therein.
2. In response to paragraph 2, Defendant admits that the District filed a separate request for due process, and admits references to the Administrative Decision. Defendant denies all other arguments and allegations contained therein.
3. In response to paragraph 3, Defendant generally admits that there was an agreement to the 2008-2009 IEP, and a partial agreement to the 2009-2010 IEP, but denies all other arguments and allegations contained therein.

4. In response to paragraph 4, Defendant denies that ALJ Freie's order permitted the Defendant to make claims dating back to April 2007, as the order permits claims dating back to March 21, 2007, including the 2007-2008 SY. Administrative Order p. 11 ¶16. Defendant otherwise admits all other arguments and allegations contained therein, as the Administrative Decision speaks for itself.

5. In response to paragraph 5, Defendant denies every allegation contained therein.

6. In response to paragraph 6, Defendant denies that the Administrative Decision violates federal or state laws. Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph.

7. In response to paragraph 7, Defendant denies every allegation contained therein.

8. In response to paragraph 8, Defendant denies that there were legal errors committed by ALJ Freie. Defendant lacks specific knowledge necessary to form a belief about all other assertions contained therein.

9. In response to paragraph 9, Defendant lacks specific knowledge concerning the assertions contained therein.

**Jurisdiction and Venue**

10. In response to paragraph 10, Defendant admits that this Court has jurisdiction over the appeal of the Administrative Decision. Defendant neither admits nor denies that this Court has jurisdiction over all other claims alleged by Plaintiff.

11. In response to paragraph 11, Defendant admits that the venue is appropriate for the appeal of the Administrative Decision. Defendant neither admits nor denies that this Court is the proper venue for all other claims alleged by Plaintiff.

12. In response to paragraph 12, Defendant admits that the IDEA procedural protections are located at 20 U.S.C.§ 1415. Defendant alleges that Plaintiff misrepresented 20 U.S.C. § 1415(i)(2)(B), and (C), and denies all other arguments and allegations contained in paragraph 12 that are not specifically referenced in the statute.

**Parties**

13. In response to paragraph 13, Defendant admits every allegation contained therein.

14. In response to paragraph 14, Defendant admits every allegation contained therein.

15. In response to paragraph 15, Defendant generally admits that the Office of Administrative Hearings is an agency under contract with CDE to hear and determine issues arising under the IDEA and California's special education laws. Defendant lacks sufficient knowledge or information to form a belief about whether Exhibit B is a true and correct copy of the services agreement between OAH and CDE.

16. In response to paragraph 16, Defendant generally admits that CDE is the agency charged with administering and overseeing special education programs in the state of California.

17. In response to paragraph 17, Defendant generally admits that Jack O'Connell is the State Superintendent of Public Instruction.

18. In response to paragraph 18, Defendant admits every allegation contained therein.

## Factual Background

Special Education Assessment

19. In response to paragraph 19, Defendant admits every allegation contained therein.

20. In response to paragraph 20, Defendant admits that an IAT meeting was held on April 4, 2007. Defendant denies every other allegation contained in paragraph 20.

21. In response to paragraph 21, Defendant admits that a second IAT meeting was held on December 17, 2007 after Parent brought in a copy of J.S.'s glasses prescription. Defendant denies all other allegations contained in paragraph 21.

22. In response to paragraph 22, Defendant admits a psychoeducational assessment was conducted in May 2008. Defendant denies all other arguments and allegations contained in paragraph 22.

September 11, 2008 IEP

23. In response to paragraph 23, Defendant denies that this was the first IEP for the Defendant, but otherwise admits all other allegations contained therein.

24. In response to paragraph 24, Defendant generally denies the allegations contained therein, but admits that ESY was discussed later in the year.

25. In response to paragraph 25, Defendant denies that the allegations contained therein are an accurate representation of the facts.
26. In response to paragraph 26, Defendant admits that the District offered 135 minutes of specialized academic instruction in September 2008. Defendant denies that any speech and language therapy was offered before December 2008. Defendant denies all other arguments and allegations contained in paragraph 26.
27. In response to paragraph 27, Defendant denies every allegation contained therein.
28. In response to paragraph 28, Defendant admits that the District administered the ADDES, and that the report indicated that Defendant was "at risk" of attention deficits. Defendant denies all other arguments and allegations contained in paragraph 28.
29. In response to paragraph 29, Defendant admits a Behavior Support Plan ("BSP") was discussed in March 2009. Defendant denies all other arguments and allegations contained in paragraph 29.
30. In response to paragraph 30, Defendant admits that the District offered ESY at some point during the spring 2009, and that the defendant did not attend ESY in the District. Defendant denies all other arguments and allegations contained in paragraph 30.
31. In response to paragraph 31, Defendant denies every allegation contained therein.

September 11, 2009 IEP

32. In response to paragraph 32, Defendant lacks sufficient knowledge or information to form a belief about what, if anything besides SteDell, was used to develop these baselines. Defendant generally admits every other allegation contained therein.
33. In response to paragraph 33, Defendant denies that his mother did not want him in a special day class or special school. Defendant generally admits to every other allegation contained therein.
34. In response to paragraph 34, Defendant admits every allegation contained therein.
35. In response to paragraph 35, Defendant admits every allegation contained therein.

36. In response to paragraph 36, Defendant denies that the IEP team agreed on the same goals which were offered in September 2009. Defendant admits every allegation contained therein.

February 3, 2010 IEP Meeting

37. In response to paragraph 37, Defendant admits that Margaret Galloway and Kimberly Noll observed the proposed Green Oaks Classroom. Defendant admits that, per District insistence, these observations lasted no more than 30 minutes.

38. In response to paragraph 38, Defendant denies that he filed a request for due process hearing with OAH on February 28, 2010 as his request was filed on February 22, 2010. He admits the remaining allegations contained in paragraph 38.

39. In response to paragraph 39, Defendant admits that the ALJ ordered Stellar Academy as compensatory education and that at the time ordered, Stellar Academy was not a certified placement.

**The Administrative Decision**

40. In response to paragraph 40, Defendant admits every allegation contained therein.

Statute of Limitations

41. In response to paragraph 41, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 41, as the Administrative Decision speaks for itself.

42. In response to paragraph 42, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 42, as the Administrative Decision speaks for itself.

43. In response to paragraph 43, Defendant denies every allegation contained therein.

44. In response to paragraph 44, Defendant denies every allegation contained therein.

45. In response to paragraph 45, Defendant denies every allegation contained therein.

46. In response to paragraph 46, Defendant denies every allegation contained therein.

47. In response to paragraph 47, Defendant denies every allegation contained therein, as the Decision speaks for itself.

Timeliness of Assessment and Subsequent IEP Meeting

48. In response to paragraph 48, Defendant admits the specific references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 48 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

49. In response to paragraph 49, Defendant denies every allegation contained therein.

50. In response to paragraph 50, Defendant denies every allegation contained therein, as the Decision speaks for itself.

51. In response to paragraph 51, Defendant denies every allegation contained therein, as the Decision speaks for itself.

52. In response to paragraph 52, Defendant denies every allegation contained therein.

FAPE Offer – 2008-2009 School Year: Present Levels of Performance

53. In response to paragraph 53, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 53 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

54. In response to paragraph 54, Defendant admits that a May 2008 psychoeducational evaluation, a March 2008 Woodcock-Johnson Academic Testing report, and California Standards Test Scores were in existence prior to the September 11, 2008 IEP meeting. Defendant denies all other arguments and allegations contained in paragraph 54.

55. In response to paragraph 55, Defendant admits that the ALJ decision contained the phrases the District references, but denies that the District quoted or cited the decision accurately, as “a” should be “at” in line 3, and the paragraph is located in paragraph 49, not paragraph 48. Defendant denies all other arguments and allegations contained in paragraph 55 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

56. In response to paragraph 56, Defendant lacks sufficient knowledge or information to form a belief about SteDell. Defendant generally denies all other arguments and allegations contained in paragraph 56.

57. In response to paragraph 57, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 57 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

58. In response to paragraph 58, Defendant denies every allegation contained therein.

FAPE Offer – 2008-2009 School Year: Goals

59. In response to paragraph 59, Defendant denies all arguments and allegations contained in paragraph 59 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

60. In response to paragraph 60, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 60 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

61. In response to paragraph 61, Defendant denies every allegation contained therein, as the Decision speaks for itself.

62. In response to paragraph 62, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 62 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

63. In response to paragraph 63, Defendant denies every allegation contained therein.

64. In response to paragraph 64, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 64 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

65. In response to paragraph 65, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 65 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

FAPE Offer – 2008-2009 School Year: Offer of Placement and Services

66. In response to paragraph 66, Defendant denies every allegation contained therein.

67. In response to paragraph 67, Defendant admits that Defendant first received special education during the 2008-2009 school year, but denies every allegation contained

therein that are misstatements about, misrepresentations of, or inconsistent with the Decision.

68. In response to paragraph 68, Defendant denies every allegation contained therein.

69. In response to paragraph 69, Defendant denies every allegation contained therein.

70. In response to paragraph 70, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 70 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

71. In response to paragraph 71, Defendant denies every allegation contained therein.

72. In response to paragraph 72, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 72 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

73. Defendant denies that the ALJ disregarded the "presumptive diagnosis" of ADD in her decision. Defendant denies all other arguments and allegations contained in paragraph 73, and all other misstatements about, misrepresentations of the Decision.

74. In response to paragraph 74, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 74, and all other misstatements about, misrepresentations of the Decision.

75. In response to paragraph 75, Defendant denies every allegation contained therein.

76. In response to paragraph 76, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 76 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

77. In response to paragraph 77, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 77 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

78. In response to paragraph 78, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 78 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

//

FAPE Offer – 2009-2009 School Year: Behavior Support Plan

79. In response to paragraph 79, Defendant generally denies every argument and allegation contained therein, although Defendant lacks sufficient knowledge or information to form a belief about whether there is a school-wide positive behavior support program.

80. In response to paragraph 80, Defendant denies every allegation contained therein.

FAPE Offer – 2009-2010 School Year

81. In response to paragraph 81, Defendant denies every allegation contained therein.

82. In response to paragraph 82, Defendant admits every allegation contained therein.

83. In response to paragraph 83, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 83, and all misstatements about, misrepresentations of the Decision.

84. In response to paragraph 84, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 84 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

85. In response to paragraph 85, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 85 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

FAPE Offer – 2009-2010 School Year: INSIDE Reading Intervention Program

86. In response to paragraph 86, Defendant denies every allegation contained therein.

87. In response to paragraph 81, Defendant denies every allegation contained therein.

88. In response to paragraph 88, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 88 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

89. In response to paragraph 89, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 89 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

90. In response to paragraph 90, Defendant denies every allegation contained therein.

91. In response to paragraph 91, Defendant denies every allegation contained therein.

92. In response to paragraph 92, Defendant admits references to the Decision. Defendant admits that the District only allowed Ms. Galloway to observe the INSIDE classroom for thirty minutes. Defendant denies all other arguments and allegations contained in paragraph 92 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

93. In response to paragraph 93, Defendant denies every allegation contained therein.

94. In response to paragraph 94, Defendant admits references to the Decision. Defendant denies all other arguments and allegations contained in paragraph 94 that are misstatements about, misrepresentations of, or inconsistent with the Decision.

95. In response to paragraph 95, Defendant denies every argument and allegation contained therein, as the Administrative Decision speaks for itself.

96. In response to paragraph 96, Defendant denies every allegation contained therein.

Compensatory Education

97. In response to paragraph 97, Defendant denies every allegation contained therein.

98. In response to paragraph 98, Defendant denies every allegation contained therein.

Administrative Decision's Ordered Relief

99. In response to paragraph 99, Defendant denies that the Administrative Decision compels the District to pay for Stellar Academy for the 2009-2010 through 2011-2012 school years, because it orders payment for the 2010-2011 through 2012-2013 school years. Defendant admits that the order requires the District to provide transportation as compensatory education. Defendant denies all other allegations and arguments contained in paragraph 99.

100. In response to paragraph 100, Defendant admits that the District was ordered to pay for 600 hours of compensatory education, as well as transportation to those services. Defendant denies all other arguments or allegations contained in paragraph 100.

101. In response to paragraph 101, Defendant admits that the District's February 2010 offer was not a FAPE, but denies all other arguments and allegations contained in paragraph 101.

102. In response to paragraph 102, Defendant denies every allegation contained therein.

Evidence of Bias

103. In response to paragraph 103, Defendant denies every allegation contained therein.

104. In response to paragraph 104, Defendant admits that Exhibit C is a copy of the District's Motion to Disqualify, but denies all other arguments and allegations contained in paragraph 104.

105. In response to paragraph 105, Defendant denies every allegation contained therein.

106. In response to paragraph 106, Defendant admits that both of the District's motions to disqualify were denied. Defendant denies all other arguments and allegations in paragraph 106.

**FIRST CAUSE OF ACTION (Relief under the IDEA)**

107. In response to paragraph 107, Defendant incorporates his responses to paragraphs 1-106.

108. In response to paragraph 108, Defendant admits the accuracy of the cited statute.

109. In response to paragraph 109, Defendant denies that the case cited defines the appropriate standard for determining if a substantive FAPE was provided.

110. In response to paragraph 110, Defendant admits that *Schaffer v. Weast*, 546 U.S. 49 (2005) establishes the burden of proof standard in IDEA cases.

111. In response to paragraph 111, Defendant admits that *Rowley* sets forth the standard of a basic floor of opportunity under the IDEA. Defendant denies all other statements of the law contained in this paragraph that are inconsistent with *Rowley*.

112. In response to paragraph 112, Defendant admits the existence of the snapshot rule.

113. In response to paragraph 113, Defendant denies every allegation contained therein.

114. In response to paragraph 114, Defendant admits that LRE is part of the IDEA. Defendant denies that an LRE is relevant and appropriate in this case.

115. In response to paragraph 115, Defendant admits every allegation contained therein.

116. In response to paragraph 116, Defendant denies every allegation contained therein.

117. In response to paragraph 117, Defendant denies every allegation contained therein.

118. In response to paragraph 118, Defendant denies every allegation contained therein.

119. In response to paragraph 119, Defendant denies every allegation contained therein.

120. In response to paragraph 120, Defendant denies every allegation contained therein.

121. In response to paragraph 121, Defendant denies every allegation contained therein.

**SECOND CAUSE OF ACTION (Breach of Contract)**

122. In response to paragraph 122, Defendant incorporates his responses to paragraphs 1-121.

123. In response to paragraph 123, Defendant lacks sufficient knowledge or information to form a belief about paragraph 123.

124. In response to paragraph 124, Defendant lacks sufficient knowledge or information to form a belief about paragraph 124.

125. In response to paragraph 125, Defendant lacks sufficient knowledge or information to form a belief about paragraph 125.

126. In response to paragraph 126, Defendant admits that Plaintiff quotes a portion of the California Education Code, section 56505.2. Defendant denies that it is a bar to the Order issued by ALJ Freie.

127. In response to paragraph 127, Defendant denies every argument and allegation contained therein. The ALJ did not order a placement at a nonpublic school that had chosen to let its certification lapse, but instead ordered funding of the non-certified school as compensatory education. The Administrative Decision speaks for itself.

128. In response to paragraph 128, Defendant admits 20 U.S.C. § 1415(f)(3)(D) and California Education Code § 56505(l) address the statute of limitations and relevant exceptions. Defendant denies all other statements of the law contained in this paragraph that are inconsistent with the statute or code.

129. In response to paragraph 129, Defendant denies every argument and allegation contained therein as the Administrative Decision speaks for itself.

130. In response to paragraph 130, Defendant lacks sufficient knowledge or information to form a belief the arguments and allegations contained therein.

131. In response to paragraph 131, Defendant denies every allegation contained therein.

132. In response to paragraph 132, Defendant lacks sufficient knowledge or information to form a belief the arguments and allegations contained therein.

133. In response to paragraph 133, Defendant denies every allegation contained therein.

134. In response to paragraph 134, Defendant lacks sufficient knowledge or information to form a belief about every argument and allegation contained therein, but generally denies the Plaintiff's claim.

**THIRD CAUSE OF ACTION (Declaratory Relief)**

135. In response to paragraph 135, Defendant incorporates his response to paragraphs 1-134.

136. In response to paragraph 136, Defendant denies every allegation contained therein.

137. In response to paragraph 137, Defendant denies every allegation contained therein.

138. In response to paragraph 138, Defendant denies every allegation contained therein.

## Affirmative Defenses

### First Affirmative Defense

Plaintiff's IDEA claim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's declaratory relief claim fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

The Administrative Decision should be upheld because it was thorough and careful and should be afforded due weight.

### Fourth Affirmative Defense

Plaintiff has had, and continues to have, the ability and opportunity to mitigate the damages alleged in the Complaint, but has failed to take reasonable and necessary steps to mitigate them.

//

**Prayer for Relief**

WHEREFORE, Defendant, J.S., prays for judgment as follows:

1. That Plaintiff take nothing by way of its Complaint;
2. That Plaintiff's Complaint be dismissed with prejudice;
3. That Plaintiff be immediately ordered to implement the Decision and provide Defendant J.S. the compensatory services ordered;
4. That Defendant J.S. recover his attorney's fees and expenses incurred in the underlying administrative hearing and in defending this action;
5. That Defendant J.S. recover the costs of the suit incurred herein;
6. For all equitable relief available and deemed reasonable by this Court;
7. For such other relief as the Court deems just and proper.

Respectfully submitted,
ROBERTA S. SAVAGE

ALEXIS CASILLAS

Attorneys for J.S.

Date: September 22, 2010

Roberta S. Savage

Digitally signed by Roberta S. Savage
DN: cn=Roberta S. Savage, o, ou, email=roberta@robertasavagelaw.com, c=US
Date: 2010.09.22 13:15:16 -07'00'

Roberta S. Savage