MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
BY: EUGENE WHITLOCK, DEPUTY (SBN 237797)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4989
Facsimile:  (650) 363-4034
E-mail:  ewhitlock@co.sanmateo.ca.us

Attorneys for Plaintiff
RAVENSWOOD CITY SCHOOL DISTRICT

Alexis Casillas, SBN 259148
405 El Camino Real #328
Menlo Park, CA 94025
Telephone: (650) 204-9579
Facsimile: (650) 497-3786
E-mail:  acasillas@specialeducationatty.com

Roberta S. Savage SBN 202940
221 G Street, Suite 201
Davis, CA 95616
Telephone (530) 753-4497
Facsimile (530) 753-4498
E-mail: roberta@robertasavagelaw.com

Attorneys for the Defendant, J.S.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVENSWOOD CITY SCHOOL DISTRICT,<br><br>                    Plaintiff,<br><br>       vs.<br><br>J.S., ET AL., Defendants | Case No. CV 10-3950 SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date: December 15, 2010**<br>**Time: 1:00p.m.**<br>**Location: Telephonic Conference** |

**1. Jurisdiction and Service:**

This Court has subject matter jurisdiction over the Plaintiff's claims under federal question jurisdiction pursuant to the Individuals with Disabilities in Education Act. *See* 20 U.S.C. 1400 (2004). All parties have been served and there are no issues with respect to venue.

**2. Facts:**

Student filed a request for due process hearing on February 22, 2010 alleging IDEA violations throughout Student's tenure in the District. The District filed a response on March 23, 2010, and a cross-complaint on April 5, 2010, but did not file a Notice of Insufficiency pursuant to 20 U.S.C. § 1415(c)(2)(C). A prehearing conference was conducted on May 10, 2010 during which a briefing schedule was set for the statute of limitations issues.

The Office of Administrative Hearings began the due process hearing on May 17, 2010, and also heard testimony on May 18-20, 24-27, June 3-4, and 7-8. The Hearing Officer, ALJ Freie, conducted a telephonic closing conference on June 9, 2010. ALJ Freie issued an Administrative Decision on August 20, 2010.

The Administrative Decision issued by the Office of Administrative Hearings concluded that the District did not offer Student a Free and Appropriate Public Education in school years 2007-2008 through 2009-2010. Although the District did offer and provide special education services during 2008-2009, and 2009-2010, the Administrative Decision concluded that these services were not appropriate and that Student required more services than were offered in order to make progress.

The District contends that the Administrative Decision is in error because it did offer appropriate services and supports for Student but that his untreated ADHD prevented him from making more progress than he did. Student argues that this affirmative defense—as well as the others raised by the District—was addressed throughout the course of the hearing and in the Administrative Decision. Student also contends that the Administrative Decision was thoughtful, careful, and fair.

**3. Legal Issues:**

*The District proposes that the legal issues be as follows:*

The District contends that the Administrative Decision incorrectly applied both California and Federal law with respect to the two year statute of limitations. *See* 20 U.S.C. 1415(f)(3)(C); California Education Code § 56505(l). The statutes provide two exceptions to the two year statute of limitations:

(i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or

(ii) the local educational agency's withholding of information from the parent that was required

under this subchapter to be provided to the parent.

The Administrative Decision tolled the statute of limitations for one year, but did not conclude that the District had made a specific misrepresentation about Student's need for special education or withheld information that should have been provided. *Parents v. Saddleback Valley Unified School District*, OAH No. 2007090371 (July 11, 2008) at 17, ¶5 (citing *School District of Philadelphia* (*Pa. State Educational Agency, Appellate Panel*, March 5, 2008) 49 IDELR 240, p. 5) (requiring that a misrepresentation or withholding of information be flagrant and/or intentional). Without such a finding, and without further finding that action taken by the District (or not taken, as the case may be), that the District's conduct actually prevented the parent from filing for due process, there was no basis to toll the statute of limitations.

The District also contends that the OAH had no authority to issue a decision that "results in" the placement of Student at an uncertified non-public school (e.g. Stellar Academy) because this violates the specific prohibition in California Education Code § 56505.2. Even though the Administrative Decision attempted to characterize this placement as compensatory education, the Administrative Decision still violates California Education Code § 56505.2 because it resulted in the placement of a student at an uncertified non-public school.

*Based on the District's complaint and preliminary motions, the Student believes the issues to be as follows*:

**A. What level of deference is owed to the Administrative Decision?**

Student asserts that the Administrative Order is due a high level of deference. The rationale behind this is that an ALJ's "specialized knowledge and experience" in the field entitles his or her order to "due weight" under *Amanda J. v. Clark County School District. Amanda J.,* 267 F.3d 877, 888 (9th Cir. 2001). Similarly, where an administrative order is "thorough and careful," it is deserving of more deference under *Capistrano Unified School District v. Wartenberg. Capistrano*, 59 F.3d 884, 891 (9th Cir. 1995). Student contends that an order and its findings are considered to be "thorough and careful when the officer participates in the questioning of witnesses and writes a decision contain[ing] a

complete factual background as well as a discrete analysis supporting the ultimate conclusions." *R.B. v. Napa Valley Unif. Sch. Dist.*, 496 F.3d 932, 942-43 (9th Cir. 2007) (holding that these criteria were satisfied, and the administrative decision was due "particular deference" when the hearing officer "asked follow-up questions of many witnesses, included several pages of factual background in the decision, and discretely analyzed all the issues presented for each of the two academic years in question.").

### B. Did the Administrative Law Judge commit legal error when she extended the two year statute of limitations?

Student does not agree with the District's arguments regarding the inappropriateness of this Decision. Student contends that the standard for finding a misrepresentation or withholding under 20 U.S.C. § 1415(d)(3)(D) does not require that the misrepresentation or withholding be intentional or flagrant. *See J.L. v. Ambridge Area Sch. Dist*, 2009 WL 1119608 at *12, No. 06-1652 (W.D. Pa. Apr. 27, 2009); *see also* 71 Fed. Reg. 46501, 46706 (2006) (wherein the Department of Education refused to define "specific misrepresentations" as only intentional misrepresentations, holding that such determinations are within the "purview of the hearing officer."). **Student contends that the fact that when the District told Parent that it could not assess Student for special education until his personal doctor had examined his hearing and vision, it made a misrepresentation that triggered an exception to the two year statute of limitations.**

With this in mind, the question of legal error regarding the statute of limitations breaks down into two separate issues.

1. *Does a misrepresentation made by a district in which the district states that it is unable to conduct evaluations of a student constitute an exception to the two year statute of limitations?*

2. *Does a misrepresentation need to be intentional and flagrant to constitute an exception under 20 U.S.C. § 1415(d)(3)(D)(i)?*

### C. Did the Administrative Law Judge commit legal error in considering claims regarding

**the untimely provision of the Notice of Procedural Safeguards?**

The District alleges that the Administrative Law Judge incorrectly considered Student's claims that it had failed to provide Parent with a copy of the Notice of Procedural Safeguards as required under 20 U.S.C. § 1415(d)(1)(A).  The District alleges that Student's complaint did not include enough specificity with regard to this claim, and thus should not have been considered.  Student agrees with both the Judge who oversaw the Prehearing Conference, and with ALJ Freie, that this specificity argument was untimely in light of 20 U.S.C. § 1415(c)(2)(C-D).  As such, the legal question before this court is:

1. *Is a hearing officer justified in hearing a claim pled in the original complaint and not challenged on sufficiency grounds pursuant to 20 U.S.C. § 1415(c)(2)(C) when a party wishes to raise sufficiency claims beyond the fifteen day timeline?*

**D. Did the Administrative Law Judge commit legal error and place the burden of proof on the District?**

Student asserts that the ALJ made the correct decisions in regard to the burden of proof, placing it on Student when it should have been on Student, and on the District when it should have been on the District.

**E. Did the Administrative Law Judge consider the evidence and testimony submitted by the District?**

Student argues that the ALJ did not fail to consider the evidence and testimony submitted by the District.

**F. Did the District deny the Student a FAPE during the 2006-2007, 2007-2008, 2008-2009 and 2009-2010 school years?**

Student agrees with the Administrative Decision's findings that the District's delay in evaluating and in providing Student with special education services between March 2007 and September 2008 constituted a denial of FAPE, that the services and goals offered in the 2008-2009 school year were not

appropriate and denied the student a FAPE, and that the services offered in the 2009-2010 school year were not appropriate and denied the student a FAPE.

### G. Did the Administrative Law Judge commit legal error in crafting an appropriate remedy for the three years the District failed to provide Student with a FAPE?

Student disagrees with the District's position regarding the legality of ALJ Freie's Order. Student contends that because the Administrative Decision ordered the District to fund Student's education at Stellar Academy as compensatory education, it does constitute a prospective placement for the purposes of California Education Code § 56505.2. Student further contends that California Education Code § 56505.2 is pre-empted by both the IDEA, which grants hearing officers broad equitable discretion to craft appropriate relief as they deem necessary, 20 U.S.C. § 1415(i)(2)(C)(iii), and Supreme Court precedent which suggests that state certification requirements cannot stand as a bar to a particular remedy, *Florence County Sch. Dist. Four v. Carter*, 510 U.S. 7, 14 (1993) ("[I]t hardly seems consistent with the Act's goal to forbid parents from educating their child at a school that provides an appropriate education simply because that school lacks the stamp of approval of the same public school system that failed to meet the child's needs in the first place."), particularly in cases where there are not appropriate certified placements willing to accept the student. Student believes that the District's reading of California Education Code section 56505.2 creates a precedent whereby California families with financial means will have access to appropriate non-certified remedies from which families without financial means are foreclosed, and that such a reading is inconsistent with the stated purpose of the IDEA. *See* 20 U.S.C. § 1400.

### 4. Motions:

The parties anticipate filing a motion for summary judgment to resolve this case.

This Court has already issued an Order for the District's Motion for Preliminary Injunction to Stay the Administrative Order and Student's Cross-Motion for an Order Compelling the District to Comply with the Administrative Order as Stay Put.

Student has a pending Administrative Motion for Assignment of Guardian Ad Litem, and leave to have J.S. and his purported guardian ad litem proceed under their initials to protect their privacy.

Also, if either party intends to submit additional evidence, there will need to be additional motions regarding the admissibility and relevance of that additional evidence.

**5. Amendment of Pleadings:**

None are expected.

**6. Evidence Preservation:**

Because this case is an appeal of an administrative decision, all of the relevant evidence has been preserved as part of the administrative record.  The parties are presently reviewing the administrative record for accuracy prior to its submission to this Court, and working with the Office of Administrative Hearings to ensure that this Court receives the most accurate record that both parties can obtain.  The parties will then work jointly to produce a paginated copy of the Administrative Record for the Court files as well as a Chambers' Copy.

**7. Disclosures:**

None are applicable in this case.

**8. Discovery:**

No discovery is expected.

**9. Class Actions:**

Not applicable in this case.

**10. Related Cases:**

Not applicable in this case.

**11. Relief:**

The District seeks reversal of the Administrative Decision and an Order finding that it has offered Student a free and appropriate public education since his qualification for special education services in September 2008.  The District does not seek monetary relief.

Student requests that the Administrative Decision be affirmed, and that the District be ordered to fund Student's compensatory education services as ordered by the Administrative Decision.  Student seeks reimbursement for costs and attorney's fees as the prevailing party.

**12. Settlement and ADR:**

Student believes that ADR could be useful in limiting both Student's and District's costs of litigation. In an attempt to limit the amount expended by both parties in legal fees, Student proposed a settlement conference with a Magistrate Judge who has experience with special education and/or IDEA cases. Student was hopeful that such a conference could lead to a mutually acceptable resolution to this matter. Student disagrees with the District's position related to the viability of settlement, and its inability to fund a placement at Stellar Academy.

The District will not agree, and cannot legally agree to fund Student's placement at Stellar Academy. The District believes, based on Student's repeated refusal to consider any placement in the District following the Administrative Decision, that Student will continue to refuse to entertain any resolution that would remove Student from his current placement at Stellar Academy and place him back at the District. The District will not agree to any resolution that leaves the decision of the OAH intact. Unless a solution can be found to these threshold issues, the District will not participate in ADR.

The parties jointly filed Notice for the Need of an ADR Phone Conference on November 12, 2010.

**13. Consent to Magistrate Judge For All Purposes:**

Consent was not given.

**14. Other References:**

The parties do not believe that this case is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

This case may be able to be decided by Motion for Summary Judgment. It is not expected that any live testimony will be necessary, although there may be the need for motions in the future regarding the submission of additional evidence not considered at the Administrative Hearing.

**16. Expedited Schedule:**

The District believes that because the outcome of this case affects where Student will be obtaining his education, and who will be obliged to pay for it, handling this case on an expedited basis is appropriate. Further, because the District has no remedy to recover funds expended in the event of a

1  ruling in its favor on this appeal, unnecessary delay should be avoided.

2  Student is opposed to an expedited briefing schedule because he cannot be sure that the record is
3  complete and accurate, particularly given that significant errors in the first set of transcripts provided by
4  OAH have already been discovered.  Once Student receives the edited copy of the transcripts—an
5  estimated timeline for the production of which has yet to be provided by OAH—the parties will need to
6  check those transcripts to see if the errors have all been remedied.  This will likely take considerable
7  time, given that there were twelve days of hearing.

8  Student is also opposed to an expedited briefing schedule because he still believes that settlement
9  through the Northern District's Alternative Dispute Resolution process would be helpful.  An expedited
10 briefing schedule would foreclose that option.

11 **17. Scheduling:**

12 The District proposes the following briefing schedule for the District's Motion for Summary
13 Judgment which will resolve this case:

14 District's Motion due January 14, 2011

15 Student's Opposition due February 4, 2011

16 District's Reply due February 11, 2011

17 Hearing Set for February 22, 2011

18 The Student proposes the following briefing schedule for the District's Motion for Summary
19 Judgment which will resolve this case:

20 District's Motion due April 29, 2011

21 Student's Opposition due May 20, 2011

22 District's Reply due May 27, 2011

23 Hearing Set for June 7, 2011

24 **18. Trial:**

25 Not applicable.

26 **19. Disclosure of Non-party Interested Entities or Persons:**

27 Not applicable.

28 **20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this**

**matter.**

The parties are not aware of any other matters that would facilitate the efficient disposition of this matter.

Dated:  December 3, 2010                                MICHAEL P. MURPHY, COUNTY COUNSEL


By: <u>Eugene Whitlock</u>
　　　Eugene Whitlock, Deputy

Attorneys for Plaintiff
RAVENSWOOD CITY SCHOOL DISTRICT

Dated:  December 3, 2010



By: <u>Alexis Casillas</u>
　　　Alexis Casillas

Attorneys for the Defendant, J.S.